Elliot S. Blut, Esq. (SBN 162188)
BLUT LAW GROUP, APC
10100 Santa Monica Boulevard, Suite 300
Los Angeles, CA 90067
Telephone: (310) 203-0038
Facsimile: (310) 203-0048
eblut@blutlaw.com

Attorneys for Plaintiff, HOWARD EHRENBERG,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re: DEBORAH SERRANO-COX,<br><br>Debtor,<br>_____<br>HOWARD EHRENBERG, Chapter 7 Trustee for the Bankruptcy Estate of Deborah Serrano-Cox,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN MELTON,<br><br>Defendant.<br>_____ | CASE NO. 2:14-bk-33008-DS<br><br>Chapter 7<br><br>ADV. NO. 2:15-ap            -DS<br><br>**COMPLAINT BY HOWARD EHRENBERG AGAINST SUSAN MELTON FOR FRAUDULENT CONVEYANCE [11 USC §§ 548, 550]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLAINTIFF HOWARD EHRENBERG, Chapter 7 Trustee for the Bankruptcy Estate of Deborah Serrano-Cox, by his undersigned attorneys, in support of his complaint to avoid and recover transfers against DEFENDANT SUSAN MELTON alleges on information and belief as follows:

1

COMPLAINT FOR FRAUDULENT CONVEYANCE

## I.

## JURISDICTION

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

## II.

## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1409 because the claims for relief presented herein arise from the underlying bankruptcy case of *In re Deborah Serrano-Cox*, Case Number 2:14-bk-33008-DS, United States Bankruptcy Court, Central District of California, which was filed as a Chapter 7 bankruptcy on December 15, 2014.

## III.

## SUMMARY OF THE CASE

3. This case seeks to avoid and recover transfers made during the year prior to Deborah Serrano-Cox's bankruptcy petition pursuant to 11 U.S.C. §§ 548 and 550. The transfers from Ms. Cox's company Pumpkin Brand Clothing ("Pumpkin"), her company Lionsgate Holdings ("Lionsgate") and to the shell corporation Lion's Gate Developments, Inc. were fraudulent conveyances to transfer funds in avoidance of her creditors. Ms. Melton received funds, without consideration from Pumpkin and Lion's Gate Developments, Inc.

## IV.

## PARTIES

4. PLAINTIFF HOWARD EHRENBERG is at all times relevant hereto was the Trustee for Deborah Serrano-Cox's Chapter 7 Bankruptcy.

5. PLAINTIFF is informed and believes, and based thereon alleges, that

DEFENDANT is and at all times relevant hereto was, an individual residing in the County of Los Angeles, State of California.

## V.
## **GENERAL ALLEGATIONS**

6. PLAINTIFF is informed and believes that DEFENDANT is and was an agent and/or servant and/or employee and/or representative of Deborah Serrano-Cox and, in doing the things herein alleged, was acting within the course and scope of such agency, service, employment, representation and with her permission and consent.

7. Debtor Cox owned and operated under the fictitious name, Pumpkin Brand Clothing from 2012.

8. On information and belief, Lions Gate Holding Company is a shell company set up in order to receive funds due to Deborah Serrano-Cox and secretly divert them to Debtor Cox and other third parties.

9. On information and belief, Lion's Gate Developments, Inc. is a shell company set up in order to receive funds due to Deborah Serrano-Cox and secretly divert them to Debtor Cox and other third parties.

10. PLAINTIFF is informed and believes and based thereon alleges that, at all times herein mentioned, DEFENDANT was acting as an agent and/or servant and/or employee and/or representative of Deborah Serrano-Cox, and, in doing the things herein alleged, was acting within the course and scope of such agency, service, employment, representation and with her permission and consent.

11. In April, 2014, Lionsgate received $436,000 from Newton Coffee Company, which funds were due to Debtor Cox pursuant to a promissory note.

12. $275,000 of the $436,000 were transferred from Lionsgate to Lion's Gate Developments, Inc.

13. On May 28, 2014, DEFENDANT received a check in the amount of $3,000 from Lion's Gate Developments, Inc., check number 991 (See Exhibit 1").

14. On June 18, 2014, DEFENDANT received a check in the amount of $2,700 from Lion's Gate Developments, Inc., check number 992 (See Exhibit "1").

15. On August 7, 2013, Deborah Serrano-Cox, wrote a check in the amount of $2,500 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1034.

16. On August 30, 2013, Deborah Serrano-Cox, wrote a check in the amount of $2,600 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1035.

17. On September 27, 2013, Deborah Serrano-Cox, wrote a check in the amount of $300 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1099.

18. On October 3, 2013, Deborah Serrano-Cox, wrote a check in the amount of $2,500 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1107.

19. On October 15, 2013, Deborah Serrano-Cox, wrote a check in the amount of $3,000 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1109.

20. On November 6, 2013, Deborah Serrano-Cox, wrote a check in the amount of $2,500 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1114.

21. On December 5, 2013, Deborah Serrano-Cox, wrote a check in the amount of $2,700 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1068.

22. On December 30, 2013, Deborah Serrano-Cox, wrote a check in the amount of $3,000 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1005.

COMPLAINT FOR FRAUDULENT CONVEYANCE

23. On October 15, 2013, Deborah Serrano-Cox, wrote a check in the amount of $3,000 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1109

24. On April 15, 2014, Deborah Serrano-Cox, wrote a check in the amount of $3,000 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1041.

25. On April 21, 2014, Deborah Serrano-Cox, wrote a check in the amount of $1,000 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1046.

26. On April 30, 2014, Deborah Serrano-Cox, wrote a check in the amount of $5,000 through her company Pumpkin Brand Clothing to DEFENDANT. See Exhibit 1, check number 1051.

27. On information and belief, MELTON received no consideration for any of these funds.

28. On information and belief, these transfers were made for the sole purpose of avoiding creditors in Deborah Cox's bankruptcy.

29. Deborah Cox filed her petition for bankruptcy on December 15, 2014.

VI.

**FIRST CAUSE OF ACTION - CLAIM FOR RELIEF 11 U.S.C. §548)**

30. PLAINTIFF incorporates all preceding paragraphs as if fully re-alleged herein.

31. As set forth above, on information and belief, the DEFENDANT, with the intent to hinder, delay and/or defraud Deborah Serrano-Cox's creditors, knowingly and willfully accepted the transfer of funds from Ms. Cox through her company Pumpkin Brand Clothing, and Lion's Gate Developments, Inc., through Lionsgate Holdings, within two years before the filing of the underlying Petition.

5

COMPLAINT FOR FRAUDULENT CONVEYANCE

32. Said transfers and distributions were made without receiving any consideration for the transfer. The debtor was engaged in a scheme to divert funds before her creditors could reach them.

33. The transfers were made to an insider and conspirator, DEFENDANT.

34. PLAINTIFF is informed and believes and on that basis alleges, that Deborah Serrano-Cox has a network of family and friends, who have agreed to hold and maintain her cash and other property in their names.

## VII.

### SECOND CLAIM FOR RELIEF – RECOVERY OF TRANSFERS

### [11 U.S.C. §550]

35. PLAINTIFF incorporates all preceding paragraphs as if fully re-alleged herein.

36. DEFENDANT, is initial transferee or mediate transferee of such initial transferee or the person for whose benefit the funds were fraudulently conveyed by Deborah Serrano-Cox.

37. DEFENDANT is an insider.

38. Fraudulent transfers total in the aggregate amount not less than $38,800. See "Exhibit 1" attached.

38. Pursuant to 11 U.S.C. § 550(a), PLAINTIFF is entitled to recover from DEFENDANT all funds fraudulently transferred, plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT and that this Court grant the following relief on all causes of action.

    1. Return of all funds fraudulently conveyed

    2. Attorney's fees and costs

    3. All fees and costs incurred in the pursuit of this proceeding

///

4.    Any other such relief as the Court may deem just and proper

Dated: January 25, 2016               BLUT LAW GROUP, APC

                                      By  /s/ Elliot S. Blut
                                          Elliot S. Blut
                                          Attorneys for Plaintiff,
                                          HOWARD EHRENBERG,
                                          Chapter 7 Trustee